UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60011-CR-ROSENBAUM/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILLIE HARTFIELD, *et al.*,

        Defendants.
_____/

### ORDER DENYING MOTION FOR NEW TRIAL

This matter is before the Court on Defendant Willie Hartfield's Renewed Motion for Judgment of Acquittal and/or New Trial [D.E. 535]. The Court has reviewed Defendant's Motion, the Government's Response, and the record. After careful consideration, the Court now **DENIES** Defendant Hartfield's Motion for the reasons set forth below.

First, Defendant Hartfield challenges the sufficiency of the evidence. The Court considers the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997). Upon reviewing the evidence adduced during trial — more specifically, the seizure of numerous oxycodone pills, the post-*Miranda* confession, the travel records, the debit-card records, and the cooperator testimony, among other evidence — the Court cannot conclude that "no trier of fact could have found guilt beyond a reasonable doubt." *Id.* at 1324 (internal quotation omitted). Therefore, Hartfield's Motion as it relates to the sufficiency of the evidence must be denied.

Nor, as Defendant suggests, does the jury's decision to acquit Hartfield of other charges affect the analysis. Even assuming, *arguendo*, that the jury's acquittal of Hartfield on other charges was inconsistent with its conviction of Hartfield on the count charging conspiracy to possess with intent to distribute oxycodone,

> [i]nconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense.

*United States v. Dew*, ___ F. App'x ___, 2012 WL 4123409, *1 (11th Cir. Sept. 20, 2012) (quoting *United States v. Powell*, 469 U.S. 57, 64 (1984)). Indeed, "[a] jury's rendering of inconsistent verdicts is irrelevant to [the] sufficiency determination." *United States v. Gannaway*, 477 F. App'x 618, 624 (citing *United States v. Veal*, 153 F.3d 1233, 1252-53 (11th Cir. 1998)).

Finally, Defendant Hartfield adopts arguments and grounds set forth by Co-defendant Monica Lewis in her Motion for New Trial [D.E. 530] as a basis for a new trial. For the same reasons that the Court declined to accept Lewis's arguments, *see* D.E. 543, the Court denies Defendant Hartfield's Motion as it rests on these grounds.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 16th day of January 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:   The Honorable Lurana S. Snow
Counsel of Record